UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PEYTON J. W. HOPSON, | ) | CASE NO. 5:16-cv-621 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| STARK COUNTY, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Peyton John Wesley Hopson, a state prisoner incarcerated in the Belmont Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983, seeking damages from defendants Stark County, Ohio and Stark County Deputy Harvey Emery. He alleges in the complaint that he was convicted of attempted rape in Mahoning County, and was required under Ohio law to register as a "sexually oriented offender." He further alleges that Deputy Emery placed false information into the Stark County Sex Offender Registration database, categorizing Hopson as an "habitual sex offender."

The instant case mirrors a previous action recently filed in this Court by plaintiff against these defendants. That case was summarily dismissed, for failure to state a claim, on October 16, 2015. *Hopson v. Stark Cnty. Sheriff's Dep't*, N.D. Ohio Case No. 5:15-cv-992.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if

the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

The doctrine of *res judicata* bars a claim "when (1) the same party or parties in privity with them were present in the prior litigation; (2) a court of competent jurisdiction has entered a valid, final judgment on the merits; and (3) the present action concerns the same subject matter or cause of action as the prior suit." *Anchor Motor Freight, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., Local Union No. 377*, 700 F.2d 1067, 1069-70 (6th Cir. 1983) (citing *Sea-Land Servs., Inc. v. Gaudet*, 414 U.S. 573, 579, 94 S. Ct. 806, 39 L. Ed. 2d 9 (1974); *Harrison v. Bloomfield Bldg. Indus., Inc.*, 435 F.2d 1192 (6th Cir. 1970)).

The fundamental concept embodied in this doctrine is that a "right, question or fact distinctly put in issue, and directly determined by a court of competent jurisdiction ... cannot be disputed in a subsequent suit between the same parties or their privies[.]" *S. Pac. R. Co. v. United States*, 168 U.S. 1, 48-49, 18 S. Ct. 18, 42 L. Ed. 355 (1897). Once having a fair and full opportunity to litigate a matter, *res judicata* protects parties from expense of multiple lawsuits, conserves judicial resources and protects the integrity of the judicial system. *See United States v. Stauffer Chem. Co.*, 684 F.2d 1174, 1180 (6th Cir. 1982).

This action contains essentially the same subject matter as the previous case filed by plaintiff against defendants,[1] which is already dismissed. It is thus barred by the doctrine *res judicata*.

---

[1] In the previous case, plaintiff sued Deputy Emory and the Stark County Sheriff's Department.

2

Accordingly, this case is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: May 3, 2016

        **HONORABLE SARA LIOI**
        **UNITED STATES DISTRICT JUDGE**